**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
  Derek L. Shaffer (Bar No. 212746)
  derekshaffer@quinnemanuel.com
1300 I Street NW
Washington, D.C. 20005
Telephone:    (202) 538 8000
Facsimile:    (213) 538 8100

  Shon Morgan (Bar No. 187736)
  shonmorgan@quinnemanuel.com
  Dylan C. Bonfigli (Bar No. 317185)
  dylanbonfigli@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443 3000
Facsimile:    (213) 443 3100

Attorneys for Defendants X Corp. and xAI
Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>                          Plaintiff,<br><br>v.<br><br>X CORP. et al.,<br><br>                          Defendants. | Case No. 3:25-cv-07597-TLT<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR (1) TEMPORARY RESTRAINING ORDER, WITHOUT NOTICE, (2) PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE SETTING HEARING, AND (3) ORDER PERMITTING PLAINTIFF TO PROCEED UNDER PSEUDONYM**<br><br>*Filed concurrently with [Proposed] Surreply and Stipulation and [Proposed] Order Regarding Defendants' Administrative Motion for Leave to File Surreply* |

DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY

Pursuant to Civil L.R. 7-11, Defendants respectfully submit this administrative motion requesting leave to file the accompanying five-page surreply.  For the reasons explained herein, the proposed surreply is appropriate under the circumstances and is likely to benefit the Court in advance of the hearing currently set for September 30.

1.    On September 9, 2025, Plaintiff moved this Court to grant a temporary restraining order ex parte.  ECF No. 7.  In denying that request, the Court ordered Plaintiff to "provide notice" of his application to Defendants by September 10, 2025, after which Defendants' opposition was due on September 15.  ECF No. 12 at 1-2.

2.    In his initial filings, Plaintiff did not address the fact that the NCII Statute expressly excludes claims based on the allegedly nonconsensual disclosure of "commercial pornographic content."  15 U.S.C. § 6851(b)(4)(A).  Nor did he address the applicability of Section 230, which immunizes providers of "interactive computer service[s]," such as Defendants, from claims that seek to treat them as "the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).  Rather, Plaintiff's sole treatment of those critical issues came for the first time in his reply.  That was improper.  *Eruchalu v. U.S. Bank, Nat'l Ass'n*, 2014 WL 12776845, at *2 (D. Nev. Sept. 30, 2014) ("[L]egal arguments should not be raised for the first time in a reply brief.") (citing *United States v. Gianelli*, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008)).  Basic fairness requires that Defendants receive a meaningful opportunity to respond to these new arguments raised in Plaintiff's reply.  *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) ("If a party raises a new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond.") (citing *El Pollo Loco v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003) and *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)); *GT Nexus, Inc. v. Inttra, Inc.*, 2014 WL 3373088, at *1 (N.D. Cal. July 9, 2014) (granting an administrative motion for leave to file a surreply because the nonmoving party's reply "contain[ed] new legal argument and new evidence").  Affording Defendants an opportunity for brief rejoinder would enable the Court to consider the competing arguments on a balanced, complete playing field.

3.    In addition, Plaintiff added new factual material in reply, specifically in the form of

DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY

a new declaration.  That declaration offers testimony regarding, for instance, the OnlyFans Terms of Service on which Plaintiff relies.  ECF No. 19-2 ¶ 4.  Plaintiff's improper injection of new evidence into this proceeding would, by rule, entitle Defendants to file an "Objection to Reply Evidence."  Civ. L.R. 7-3(d)(1).  Notably, it is especially objectionable for Plaintiff to be adding to the factual record after having claimed basis for ex parte relief and emergency timetables on the basis of his initial filing.  Nevertheless, Defendants seek only the more modest relief of a short surreply.

4.      Pursuant to Civil L.R. 7-11(a), Defendants sought a stipulation from Plaintiff agreeing to the relief requested here, and Plaintiff consented under the terms set forth in the accompanying Stipulation and [Proposed] Order.

5.      Regardless of whether the Court grants leave to file a surreply, Defendants respectfully reiterate their position that this Court should defer ruling on Plaintiff's request for injunctive relief until it rules on Defendants' motion to transfer this case to the Northern District of Texas.  *See* Transfer Mot. at 8-9.

*        *        *

For the foregoing reasons, granting leave to file the accompanying surreply is well warranted under the circumstances and likely to benefit the Court's deliberations for purposes of the upcoming hearing (and may, indeed, obviate the need for a hearing).

Dated:  September 24, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  /s/ *Derek L. Shaffer*
Derek L. Shaffer
Shon Morgan
Dylan C. Bonfigli

*Attorneys for Defendants X Corp. and xAI Corp.*