**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
  Derek L. Shaffer (Bar No. 212746)
  derekshaffer@quinnemanuel.com
1300 I Street NW
Washington, D.C. 20005
Telephone:     (202) 538 8000
Facsimile:     (213) 538 8100

  Shon Morgan (Bar No. 187736)
  shonmorgan@quinnemanuel.com
  Dylan C. Bonfigli (Bar No. 317185)
  dylanbonfigli@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443 3000
Facsimile:     (213) 443 3100

Attorneys for Defendants X Corp. and xAI Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE, | Case No. 3:25-cv-07597-TLT |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER** |
| v. | |
| X CORP. et al., | Date: November 4, 2025<br>Time: 2:00 p.m.<br>Judge: Hon. Trina L. Thompson |
| Defendants. | *Filed concurrently with the Declaration of Jolie Perla* |

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................1

ARGUMENT ..................................................................................................................................2

I. PLAINTIFF CANNOT AVOID THE TEXAS FORUM-SELECTION CLAUSE ...............2

    A. Defendants Established That Plaintiff Consented To Version 20 of the Terms of Service, And Plaintiff Has No Contrary Evidence. ...................................2

    B. The Forum-Selection Clause Is Not Unconscionable ................................................3

    C. There Is No Valid Reason To Disregard The Forum-Selection Clause .....................4

II. THE DISCRETIONARY FACTORS ALSO FAVOR TRANSFER TO TEXAS ................6

CONCLUSION ................................................................................................................................7

# TABLE OF AUTHORITIES

**Page**

### Cases

*Atl. Marine Constr. Co. v. U.S. Dist. Court*,
  571 U.S. 49 (2013) .................................................................................................. 1, 3, 5, 6

*Boyd v. Grand Trunk W. R. Co.*,
  338 U.S. 263 (1949) ........................................................................................................... 5

*Ctr. for Biological Diversity v. Bernhardt*,
  946 F.3d 553 (9th Cir. 2019) ............................................................................................. 5

*Ghazizadeh v. Coursera, Inc.*,
  737 F. Supp. 3d 911 (N.D. Cal. 2024) ............................................................................... 2

*Intershop Commc'ns v. Superior Ct.*,
  104 Cal. App. 4th 191 (2002) ............................................................................................ 4

*Oberstein v. Live Nation Ent., Inc.*,
  60 F.4th 505 (9th Cir. 2023) .............................................................................................. 2

*Rostami v. Hypernet Inc.*,
  2023 WL 2717262 (N.D. Cal. Mar. 29, 2023) ................................................................... 4

*Sadlock v. Walt Disney Co.*,
  2023 WL 4869245 (N.D. Cal. July 31, 2023) ................................................................... 3

*Tompkins v. 23andMe, Inc.*,
  840 F.3d 1016 (9th Cir. 2016) ........................................................................................... 4

### Statutes

15 U.S.C. § 6851(b)(1)(A) ..................................................................................................... 4, 5

28 U.S.C. § 1404(a) ............................................................................................................ 1, 4, 6

# INTRODUCTION

Plaintiff accuses Defendants of burying the lede (Opp. 6), but here it is: After Defendants moved to transfer—at which point Plaintiff was clearly on notice of the Texas forum-selection clause in the current X TOS (v.20)—Plaintiff continued to use and post to X. Perla Dec. ¶ 2.[1] Plaintiff thus indisputably assented to the current X TOS and its forum-selection clause. That alone confirms the propriety, and, indeed, the necessity of granting transfer.

Regardless, Plaintiff's opposition is based on the false premise that he is not bound by the current X TOS because, when he created his account in December 2022, there was a prior version of the X TOS in place (v.17). That is misdirection. X presented unrefuted evidence that the prior versions of the X TOS expressly informed users that X may revise the TOS and that, "[b]y continuing to access or use the Services after those revisions become effective, [users] agree to be bound by the revised Terms." Scolari Dec. (ECF No. 24-1) ¶¶ 10, 14. X also presented unrefuted evidence that Plaintiff was on notice of the updated X TOS (v.20) in October and November 2024. *See* Mot. (ECF No. 24) at 2-3. Tellingly, Plaintiff does not deny that he was aware of the updated X TOS. And Plaintiff does not dispute—nor could he (Perla Dec. ¶ 2)—that he continued to use X after Defendants moved to transfer. Rather, the **sole** factual assertion in Plaintiff's declaration is that he "created [his] Twitter account in December 2022." Doe Dec. (ECF No. 31-10) ¶ 2. On this record, there is no genuine dispute that Plaintiff assented to current X TOS (v.20), including the Texas forum-selection clause. And under Supreme Court precedent, that clause is presumptively valid and must be enforced absent "extraordinary circumstance," *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 63 (2013), which are lacking here.

Even if the forum-selection clause did not control, the discretionary factors under 28 U.S.C. § 1404(a) strongly favor transfer to Texas, and Plaintiff fails to show otherwise. Indeed, Plaintiff does not dispute, and thus tacitly concedes, that both the public and private interests favor transfer. And instead of addressing these key factors, Plaintiff devotes two sentences to

---

[1] Plaintiff's posts to X contain "commercial pornographic content," and Defendants agreed to keep Plaintiff's true identity anonymous pending further order of the Court. If the Court wishes to review Plaintiff's X posts, Defendants are willing to file that content under seal.

discretionary transfer—making the cursory assertion (Opp. 22) that "the 'center gravity' in the case is in San Francisco County, and the interests of justice warrant denial of the motion." But not even that is correct because X—the main target of Plaintiff's putative class action and the subject of virtually all of his factual allegations—has its principal place of business in Texas, as Plaintiff concedes. Opp. 8. For all these reasons, the Court should transfer this case to the U.S. District Court for the Northern District of Texas.

## ARGUMENT

### I. PLAINTIFF CANNOT AVOID THE TEXAS FORUM-SELECTION CLAUSE

As shown below, Plaintiff agreed to the current TOS (v.20), and Plaintiff fails to offer any valid reason for not enforcing the TOS's forum-selection clause.

**A. Defendants Established That Plaintiff Consented To Version 20 of the Terms of Service, And Plaintiff Has No Contrary Evidence.**

"To form a contract under California … law, there must be actual or constructive notice of the agreement and the parties must manifest mutual assent." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 512-13 (9th Cir. 2023).

That standard is easily satisfied here. Plaintiff has no credible argument that he did not agree to the current X TOS because—after Defendants moved to transfer on September 24, 2025—Plaintiff continued to use and post to X. Perla Dec. ¶ 2. Defendants' motion to transfer gave Plaintiff clear and conspicuous notice of the current X TOS, attaching it as an exhibit to a supporting declaration. *See* Scolari Dec., Ex. A (ECF No. 24-2). Defendants' motion also explained that all relevant versions of the TOS "state that X may revise the X TOS and that '[b]y continuing to access or use the Services after those revisions become effective, you agree to be bound by the revised Terms." Mot. at 3 (quoting Scolari Dec. ¶¶ 10, 14).

Facing this clear notice, Plaintiff continued to use and post to X. Perla Dec. ¶ 2. Specifically, Plaintiff has used X at least as recently as October 4, 2025, and he has posted to X at least as recently as October 1, 2025. *Id.* Plaintiff thus undeniably manifested his assent to be bound by the current TOS. *See, e.g., Ghazizadeh v. Coursera, Inc.*, 737 F. Supp. 3d 911, 932-35 (N.D. Cal. 2024) (ruling that plaintiff assented to website's terms of use when he was sent an

email regarding updated terms and continued to use the website); *Sadlock v. Walt Disney Co.*, 2023 WL 4869245, at *12 (N.D. Cal. July 31, 2023) (similar). That alone is dispositive of this motion. Plaintiff cannot continue to use and post to X while claiming to be ignorant of its forum-selection clause.[2]

But even without these developments, the record shows that Plaintiff agreed to the current TOS. Plaintiff admits that he created an X account in December 2022 (Doe Dec.¶ 2), and he does not dispute that he would have been bound by the then-existing TOS. And as X explained, the then-existing TOS expressly informed Plaintiff that X could revise the TOS and that continued use of X would manifest his intent to be bound to the revised TOS. *See* Mot. at 3 (quoting Scolari Dec. ¶¶ 10, 14). Further, Defendants presented substantial evidence showing that Plaintiff was on notice that X was revising the TOS in November 2024. *See* Scolari Dec. ¶ 13. Tellingly, Plaintiff does not dispute Defendants' evidence, nor does he claim that he was unaware of the updated TOS—which he easily could have done if that were true. Rather, the sole factual statement in Plaintiff's declaration is that he "created [his] Twitter account in December 2022." Doe Dec. ¶ 2. That assertion, however, cannot overcome Defendants' evidence showing Plaintiffs' agreement to the X TOS.

On this record, there is no genuine dispute that Plaintiff agreed to the current TOS, including the Texas forum-selection clause. Thus, under binding Supreme Court and Ninth Circuit case law, that clause controls absent "extraordinary circumstances." *See, e.g.*, *Atl. Marine*, 571 U.S. at 62.

### B.   The Forum-Selection Clause Is Not Unconscionable

There is no merit to Plaintiff's argument (Opp. 16-17) that the Texas forum-selection clause is unconscionable. The clause is within a contract of adhesion, but, under California law, "[a] forum selection clause within an adhesion contract will be enforced 'as long as the clause

---

[2] If the Court has any doubts as to whether Plaintiff continued to use X after receiving clear notice of the updated X TOS, Defendants respectfully request that the Court hold a sealed evidentiary hearing so that Defendants may examine Plaintiff regarding his awareness of the X TOS and his use of X.

provided adequate notice to the [party] that he was agreeing to the jurisdiction cited in the contract.'" *Intershop Commc'ns v. Superior Ct.*, 104 Cal. App. 4th 191, 201-02 (2002). A forum-selection clause does not provide adequate notice when, for example, "it merely provide[s] an agreement to submit to 'the applicable jurisdiction' without identifying California as the applicable jurisdiction." *Id.* at 202  In contrast, there is adequate notice when, for example, the clause "plainly says that Hamburg, Germany is the selected forum." *Id.*; *see also Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1029 (9th Cir. 2016) (enforcing forum-selection clause in adhesion contract); *Rostami v. Hypernet Inc.*, 2023 WL 2717262, at *8 (N.D. Cal. Mar. 29, 2023) (same).

Here, the forum-selection clause provides users adequate notice that disputes would be resolved in Texas. It informs users, in clear terms, that "[a]ll disputes related to these Terms or the Services, including without limitation disputes related to or arising from other users' and third parties' use of the Services and any Content made available by other users and third parties on the Services, will be brought exclusively in the U.S. District Court for the Northern District of Texas or state courts located in Tarrant County, Texas, United States." TOS § 6. That is not meaningfully different than the forum-selection clauses that were enforced in *Intershop*, 104 Cal. App. 4th at 201; *Tompkins*, 840 F.3d at 1029; and *Rostami*, 2023 WL 2717262, at *8. Thus, the same conclusion should obtain here.

### C.     There Is No Valid Reason To Disregard The Forum-Selection Clause

Plaintiff fails to show any other "extraordinary circumstances" that would allow the Court to disregard the forum-selection clause.

First, Plaintiff misplaces reliance (Opp. 18-19) on the venue provision in the NCII Statute. That provision merely states that an individual "may bring a civil action … ***in an appropriate district court*** of the United States." 15 U.S.C. § 6851(b)(1)(A) (emphasis added). As Defendants have demonstrated, this Court is not "an appropriate district court" given the Texas forum-selection clause. Moreover, the venue provision in the NCII Statute does not purport to override valid forum-selection clauses. Nor does the venue provision purport to divest district courts of their broad discretion, under 28 U.S.C. § 1404(a), to transfer cases "[f]or the convenience of the parties and witnesses" and "in the interest of justice." Had Congress here intended to supersede

the statutory provisions governing forum selection, Congress would have said so clearly. *See, e.g.*, *Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 561 (9th Cir. 2019) (presuming that "Congress legislates with knowledge of [the Supreme Court's] basic rules of statutory construction," such that Congress must "use specific language" if it intends to limit judicial authority).

Contrary to Plaintiff's assertions, the venue provision in the NCII Statute is not analogous to the provision of the Federal Employers' Liability Act analyzed in *Boyd v. Grand Trunk W. R. Co.*, 338 U.S. 263 (1949). There, the statutory provision gave employees the right to sue "in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." *Id.* at 265. *Boyd* held that the plaintiff's "right to bring suit in any eligible forum is a right of sufficient substantiality to be included within the Congressional mandate of s 5 of the Liability Act: 'Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this Act, **shall to that extent be void**.'" *Id.* at 665. Thus, a purported agreement restricting the plaintiff's choice of venue was void. *Id.* Here, unlike in *Boyd*, the NCII Statute does not specifically identify courts in which plaintiffs may file suit. Rather, the NCII Statute broadly refers to "an appropriate district court." 15 U.S.C. § 6851(b)(1)(A). More importantly, no provision in the NCII Statute is analogous to § 5 of the Liability Act—which rendered "void" the contractual provision purporting to limit the plaintiff's choice of forum.

Second, there is no merit to Plaintiff's assertion the Court can disregard the forum-selection clause because X maintains contacts with California and a substantial part of the events occurred while X maintained its principal place of business in California. As X explained, in September 2024, over a year ago, it closed the San Francisco office that had served as its headquarters. Scolari Dec. ¶ 19. And X then began the process of changing its headquarters to Bastrop, Texas. *Id.* ¶ 20. Regardless, that Defendants have contacts with both Texas and California does not "overwhelmingly" disfavor a transfer to Texas. *Atl. Marine*, 571 U.S. at 67.

Third, Plaintiff's resort to principles of personal jurisdiction (Opp. 20-22) is irrelevant.

Defendants are not arguing that this Court lacks personal jurisdiction as to them. Rather, they contend that the case should be transferred to Texas based on the X TOS and 28 U.S.C. § 1404(a). Because principles of personal jurisdiction do not properly bear on the operative analysis, Plaintiff's discussion of them merely distracts.

Finally, there is no merit to Plaintiff's assertion (Opp. 22) that the Court can ignore the forum-selection clause because it does not select a Texas court in the county in which X has its principal place of business. There are a variety of legitimate reasons why parties may elect to have their disputes resolved in a certain county, regardless of whether one is based there. In any event, Plaintiff has no authority indicating that such an agreement reflects "extraordinary circumstances unrelated to the convenience of the parties" that override the forum-selection clause. *Atl. Marine*, 571 U.S. at 62. At bottom, Plaintiff fails to show why this is an "exceptional case[]," *id.*, that would allow the Court to disregard the Texas forum-selection clause. The Court should therefore enforce the clause and transfer this case to the U.S. District Court for the Northern District of Texas.

## II.     THE DISCRETIONARY FACTORS ALSO FAVOR TRANSFER TO TEXAS

Plaintiff offers two sentences in opposition (Opp. 22) to Defendants' argument that the "convenience of parties and witnesses" and the "interest of justice" favor transfer to the Northern District of Texas. But Plaintiff does not dispute, and thus tacitly concedes that:

1.     The private-interest factors favor Texas because X has its principal place of business in Texas, and Plaintiff is a resident of Nevada—not California. *See* Mot. at 7; Opp. 22.

2.     Plaintiff engaged in forum-shopping, initially filing suit and unsuccessfully seeking relief in Florida, before refiling his case and seeking identical relief in this Court—which demonstrates that Plaintiff has the means to litigate in Texas. *See* Mot. at 7; Opp. 22.

3.     The public-interest factors—and particularly the "administrative difficulties flowing from court congestion"—favor transfer to Texas, where the district court has a significantly lighter case load than this Court. *See* Mot. at 8; Opp. 22.

Plaintiff's sole argument as to 28 U.S.C. § 1404(a) is the cursory assertion that "the 'center of gravity' in this case is San Francisco County." Opp. 22. But Plaintiff is mistaken. X—the

main target of Plaintiff's putative class action and the subject of virtually all of his factual allegations—has its principal place of business in Texas, as Plaintiff concedes. Opp. 8. As Defendants explained (Mot. at 7 n.5), and Plaintiff does not dispute, his "primary allegation as to xAI is simply that 'X disclosed' the content depicting Plaintiff to xAI"—such that xAI's connection to California should be given no weight. Nor does Plaintiff dispute that many of the putative class members that he seeks to represent agreed to the X TOS—such that they, too, are required to pursue their claims in Texas. *See* Mot. 6 n.3; Opp. 2. Thus, even without the forum-selection clause, Texas is the appropriate forum for this case.

## CONCLUSION

The Court should transfer this case to the U.S. District Court for the Northern District of Texas.

Dated: October 15, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Derek L. Shaffer*
Derek L. Shaffer
Shon Morgan
Dylan C. Bonfigli

*Attorneys for Defendants X Corp. and xAI Corp.*