UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JOHN DOE,**

  Plaintiff,

v.                                          No. 4:25-cv-01282-P

**X CORP, ET AL.,**

  Defendants.

## ORDER

Before the Court is Plaintiff's Brief in Response to the Courts Order Regarding Venue (ECF No. 52) and subsequent briefing which addresses the issue of whether the Fort Worth Division of the Northern District of Texas is the proper venue in this case. Having considered the relevant docket entries and applicable law, the Court regrettably determines that transfer of venue is inappropriate.

On November 17, 2025, the Court ordered the Parties to provide expedited briefing explaining the case's connection to the division and how the Court should weigh the *In re Volkswagen* private and public interest factors, *see* 545 F.3d 304, 315–18 (5th Cir. 2008) (en banc). ECF No. 43. The Court in its discretion will not transfer venue given the law and facts of this case. *See First Call In't Inc. v. S&B Glob.*, 4:23-cv-00199-P, 2023 WL 7389007, at *1 (N.D. Tex. Nov. 8, 2023) ("District courts have broad discretion in deciding whether to order a transfer.").

But the Court does not make its decision lightly or without reservations. Much like many of Defendant X Corp's cases that have recently been transferred to or filed in this Court, this case contains at best minimal connections to the Fort Worth Division of the Northern District of Texas. Indeed, the only connection this suit has to Texas is that X Corp is headquartered in Bastrop, Texas, which is roughly 200 miles from Fort Worth in the Austin Division of the United States District Court for the Western District of Texas.

Nonetheless, the Court's hands are tied by the Parties' forum-selection clause. Indeed, "such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Wright v. Nexus RV, LLC*, 2020 WL 3440583, at *2 (N.D. Tex. June 23, 2020) (Pittman, J.). And while common sense might deem the clause unreasonable, binding precedent does not. The bar for determining that a forum-selection clause is unreasonable is a high one with the following four factors to be considered: "(1) whether the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) whether the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) whether the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) whether enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Id.* at 2. (quoting *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)). In this case, none of those four factors go towards a finding that the forum selection clause is unreasonable. Accordingly, it must be enforced.

The undersigned continues to feel strongly that "[v]enue is not a continental breakfast; you cannot pick and choose on a Plaintiffs' whim where and how a lawsuit is filed." *Chamber of Com. of U.S. v. CFPB*, 735 F. Supp. 3d 731, 399 (N.D. Tex. 2024). And, yet, the Court sees no other option but to keep the case in this Court.[1]

**SO ORDERED** on this **10th day of December 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

[1] Given the present desire to have venue in Fort Worth, the numerous high-stakes lawsuits being adjudicated in the Fort Worth Division, and the vitality of Fort Worth, the Court once again highly encourages X. Corp to consider moving their headquarters to Fort Worth.